DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SAILAJA M. PAIDIPATY (NYBN 5160007)
RYAN REZAEI (CABN 285133)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: 415-436-7200
    Fax: 415-436-7234
    sailaja.paidipaty@usdoj.gov
    ryan.rezaei@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE ARTEAGA-VASQUEZ, <br>    a/k/a "Joseph", and <br> ROMAN ARTEAGA-VASQUEZ, <br>    a/k/a "Rosman Arteaga-Vasquez", <br><br> Defendants. | NO. CR 19-287 CRB <br> [FILED JUNE 27, 2019] <br><br> STATUS REPORT AND STIPULATION AND [PROPOSED] ORDER TO CONTINUE HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ISA CRUZ, <br> CARLA CRUZ, <br> GUMARO YESCAS, <br> JUSTO PASTOR ELBIR, and <br> CINTHIA MIRAMONTES RODRIGUEZ <br><br> Defendants. | NO. CR 19-343 CRB <br> [FILED JULY 25, 2019] <br> [RELATED ON AUGUST 28, 2019] |

STATUS REPORT AND STIP. TO
EXCLUDE TIME AND [PROPOSED] ORDER

v. 7/10/2018

| | | |
|---|---|---|
| 1 | UNITED STATES OF AMERICA, | ) NO. CR 19-367 CRB |
| 2 | Plaintiff, | ) [FILED AUGUST 8, 2019]<br>) [RELATED AUGUST 14, 2019] |
| 3 | v. | ) |
| 4 | EDUARDO ALFONSO VIERA-CHIRINOS,<br>     a/k/a "Rojo", | ) |
| 5 | VICTOR MANUEL VIERA-CHIRINOS,<br>     a/k/a "Mojarra", | ) |
| 6 | JORGE ALBERTO VIERA-CHIRINOS; | ) |
| 7 | JULIO CESAR VIERA-CHIRINOS,<br>     a/k/a "Chino", | ) |
| 8 | JORGE ENRIQUE TORRES-VIERA,<br>     a/k/a "Enrique", | ) |
| 9 | KAREN CASTRO-TORRES,<br>     a/k/a "Delany Ellieth Cardona Velasquez", | ) |
| 10-11 | CILDER RAMON GAMEZ-VELASQUEZ,<br>ALEXANDER GONZALEZ-VASQUEZ,<br>     a/k/a "Ale", | ) |
| 12-14 | GUSTAVO ADOLFO GAMEZ-VELASQUEZ,<br>     a/k/a "Bomba",<br>LUIS ALMICAR ERAZO-CENTENO,<br>     a/k/a "Pika", | ) |
| 15-17 | RODULIO ALEXO GARCIA,<br>JUAN VELASQUEZ-ESCOTO,<br>     a/k/a "Cuba",<br>ELVIN MEJIA-PADILLA,<br>     a/k/a "Pajaro", | ) |
| 18-20 | YORDI YABIER AGURCIA GALINDO, and<br>RUDIS VALLADERES-CACERES, | ) |
| 21 | Defendants. | ) |

STATUS REPORT AND STIP. TO
EXCLUDE TIME AND [PROPOSED] ORDER

v. 7/10/2018

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ANDY REANOS-MORENO,<br>    a/k/a "Pelon",<br>KAROL ERAZO REANOS,<br>MANUEL ARTEAGA,<br>    a/k/a "Come" a/k/a "Comer",<br>    a/k/a "Angel Centeno Alvarado",<br>    a/k/a "Angel David Centeno",<br>ALLAN JOSUE FUNEZ OSORTO,<br>BRAYAN MARTINEZ,<br>JOSUE NATANAEL PERDOMO MORENO,<br>    a/k/a "Cachete",<br>    a/k/a "Raul Mejia",<br>JOSE FRANKLIN RODRIGUEZ GARCIA,<br>CESAR ESTRADA CRUZ,<br>ARNOLD CRUZ RODRIGUEZ,<br>    a/k/a "Jose",<br>    a/k/a "Carlos Aguilar",<br>CHRISTIAN RODRIGUEZ-VALLE,<br>ALEX GOMEZ BARRIENTOS,<br>    a/k/a "Axel Gamez",<br>    a/k/a "Santo Jenaro",<br>    a/k/a "Juan Carlos Villatoro",<br>    a/k/a "Freddie Heren Gamez",<br>ERIC MONTOYA MARQUEZ,<br>KEVIN ARTEAGA-MORALES,<br>    a/k/a "Jairo Medina", and<br>NICOLAS SORIA,<br><br>    Defendants. | NO. CR 19-381 CRB<br>[FILED AUGUST 15, 2019]<br>[RELATED ON AUGUST 28, 2019] |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>CINTHIA MIRAMONTES RODRIGUEZ,<br>    a/k/a "Cynthia Rodriguez,"<br>    a/k/a "Cynthia Rodriguez Navarro," and<br>BRAYAN JOSIAS LOPEZ TORRES<br><br>    Defendants. | NO. CR 19-0711 WHO<br>[FILED DECEMBER 19, 2019]<br>[RELATED ON JANUARY 15, 2020] |

STATUS REPORT AND STIP. TO
EXCLUDE TIME AND [PROPOSED] ORDER

v. 7/10/2018

| UNITED STATES OF AMERICA, | ) NO. CR 19-0383 JD |
|---|---|
| Plaintiff, | ) [FILED AUGUST 15, 2019] |
|  | ) [RELATED JANUARY 23, 2020] |
| v. | ) |
| HENRY JOVANY SEVILLA SEVILLA, | ) |
| a/k/a "Wilmer Josue Sevilla-Irias", | ) |
| Defendant. | ) |

The five cases captioned above have been related by order of this Court under Local Rule 8. All five cases are scheduled for a status hearing on July 15, 2020. The hearing had been continued twice previously in light of shelter-in-place orders applicable to the Bay Area counties and this Court's issuance of General Order 72 closing the San Francisco courthouse. The parties submit the status report below in order to update the Court regarding the progress of these cases and to request that the hearing be continued until August 25, 2020 at 1:00 p.m. As set forth below, the parties agree and jointly request that the time between March 16, 2020, and August 25, 2020 (the time between the initial issuance of General Order 72 and the anticipated status hearing in the related cases) be excluded from the calculation under the Speedy Trial Act.

**A.** **Status Report and Request for Continuance**

Since the last joint status conference on January 15, 2020, twelve defendants have pled guilty and been sentenced by the Court; two defendants have pled guilty and are awaiting sentencing; and change of plea hearings are currently scheduled for another three defendants. Another two defendants, Karen Castro-Torres (No Cr 19-0367-06) and Josue Nataneal Perdomo Moreno (No Cr 19-0381-06), who previously appeared before this Court are currently fugitives.

To date, the government has produced nine rounds of discovery. The materials primarily consist of (i) intercepted telephone recordings and English-language summaries of those recordings; (ii) wiretap applications and orders, (iii) other Court-process, such as search warrants and the underlying applications supporting the issuance of those warrants, (iv) reports of investigation, (v) surveillance photographs and videos; (vi) location data collected pursuant to a search warrant; and (vii) forensic

copies of the contents of electronic devices that were collected pursuant to a search warrant. The government continues to work with individual defense counsel with respect to requests for additional discovery.

Because of the current shelter-in-place conditions, defense counsel have informed the government of difficulties in communicating with their clients regarding their respective cases. Many defendants are detained pretrial at Santa Rita Jail. Attorneys can schedule telephonic and video conferences with their clients, but demand for these services are high and, therefore, conferences must be scheduled in advance. Most defendants also require the assistance of a Spanish-language interpreter during any conferences with counsel. Additionally, based on potential exposure to COVID-19, defendants on certain occasions have been placed in quarantine status at Santa Rita Jail. During those periods of quarantine, counsel cannot speak with their clients and the defendants are unable to appear at court proceedings.

Throughout this period, the parties have continued to discuss potential resolutions. In order to allow additional time for those discussion, the parties request a continuance of the status hearing to August 25, 2020 at 1 p.m.

### B. Exclusion of Time under the Speedy Trial Act

In light of the volume of discovery produced, as well as the limited access that defense counsel currently have to their clients, the parties agree and jointly request that the time between March 16, 2020 and August 25, 2020, be excluded from calculation under the Speedy Trial Act, both for the effective preparation of and continuity of counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The parties further stipulate and agree that the ends of justice served by excluding the time outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

Under 18 U.S.C. § 3161(h)(7)(A), the Court may appropriately exclude time "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance and exclude time in such circumstances. *See, e.g., Furlow v. United States*, 644 F.2d 764

(9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

On March 16, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton issued General Order No. 72, In Re: Coronavirus Disease Public Health Emergency.  General Order No. 72 sets forth the Court's finding that—in light of the state of emergency declared by the President of the United States and California; recommendations by the Centers for Disease Control and Prevention (CDC) and other public health departments to avoid large gatherings of people and to particularly avoid person-to-person contact among the elderly and other vulnerable populations; the shelter-in-place directives; and the Court's consideration of the various interests implicated by the COVID-19 outbreak "including: the health of jurors, witnesses, parties, attorneys, the public, court staff, Probation and Pretrial Services staff, chambers staff, and judges; the constitutional rights of criminal defendants and other parties; and the public's interest in, and the court's duty to ensure, the effective and expeditious administration of justice"; the Court's reduced ability to obtain an adequate spectrum of jurors and the limitations on availability of counsel and court staff to be present in the courtroom based on COVID-19 and responses to the public health emergency—the ends of justice are served by ordering the continuances of trials commencing before May 1, 2020, and by postponing appearances with the defendant's consent.  On April 30, 2020, the Court extended the applicability of General Order 72 through June 1, 2020.  *See* General Order No. 72-2.

General Order 72 found that the ends of justice served by ordering continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). The parties stipulate that General Order 72 applies to the above-captioned case, specifically.  COVID-19 is a global pandemic.  To avoid the spread of COVID-19, the state of California is currently ordered to shelter in place and "heed the current State public health directives."  California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020).  A number of other states have also ordered people to stay at home. https://www.cnn.com/2020/03/23/us/coronavirus-which-states-stay-at-home-order-trnd/index.html. These realities hamper counsels' ability to meet with the defendant, relevant personnel, and witnesses.

1  A failure to grant the requested exclusion of time and continuance would therefore unreasonably
2 deny counsel continuity of counsel or deny counsel the reasonable time necessary for effective
3 preparation, taking into account the exercise of due diligence.  A continuance and exclusion of time
4 from March 16, 2020 to August 25, 2020 is therefore appropriate under 18 U.S.C. § 3161(h)(7)(B)(iv),
5 as the ends of justice served the granting of such continuance outweigh the best interest of the public and
6 the defendant in a speedy trial.
7 SO STIPULATED.
8 DATED: July 10, 2020                                          Respectfully submitted,
9                                                                                    DAVID L. ANDERSON
                                                                                       United States Attorney
10

11                                                                                            /s/
                                                                                       SAILAJA M. PAIDIPATY
12                                                                                     RYAN REZAEI
                                                                                       Assistant United States Attorneys
13

14                                                                                            /s (signed with permission)
                                                                                       NAOMI S. CHUNG
15                                                                                     Counsel for Defendant Eduardo Alfonso
                                                                                       Viera-Chirinos
16

17                                                                                            /s (signed with permission)
                                                                                       KAREN McCONVILLE
18                                                                                     Counsel for Defendant Victor Viera-
                                                                                       Chirinos
19

20                                                                                            s/ (signed with permission)
                                                                                       EDWIN K. PRATHER
21                                                                                     Counsel for Defendant Jorge Alberto
                                                                                       Viera-Chirinos
22

23                                                                                            s/ (signed with permission)
                                                                                       ERICK GUZMAN
24                                                                                     Counsel for Defendant Cilder Ramon
                                                                                       Gamez-Velasquez
25

26                                                                                            s/ (signed with permission)
                                                                                       ELIZABETH FALK
27                                                                                     Counsel for Defendant Alexander
                                                                                       Gonzalez-Vasquez
28

STATUS REPORT AND STIP. TO
EXCLUDE TIME AND [PROPOSED] ORDER
                                                              4                                                       v. 7/10/2018

**[PROPOSED] ORDER**

For the reasons set forth in this Court's General Order No. 72, set forth below in this Order, and set forth in joint status report and stipulation of the parties, this Court finds that exclusion from the time limits applicable under 18 U.S.C. § 3161 from March 16, 2020 to August 25, 2020, is warranted and serves the ends of justice, and outweighs the best interest of the public and the defendant in a speedy trial, in this case. 18 U.S.C. § 3161(h)(7)(A).

Responding to the COVID-19 (Coronavirus Disease) pandemic, numerous states, including California, are currently ordered to shelter in place and "heed the current State public health directives." California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020). These limits serve the public interest in stemming the spread of COVID-19 and therefore serve the ends of justice. 18 U.S.C. § 3161(h)(7)(A). These realities also mean that without the requested continuance, counsel would lack reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Based on these findings, the Court hereby continues the status hearing in this matter until August 25, 2020 at 1 p.m. and ORDERS that the time between March 16, 2020 and August 25, 2020 is excluded under the Speedy Trial Act.

**IT IS SO ORDERED.**

Dated: July 13, 2020

HON. CHARLES R. BREYER
United States District Judge